

# Jacob Cable "2024 Appeal" for Northern District Court Judge Damon R. Leichty (Final)
1 message

**Jacob Cable** <jakezarratti@gmail.com>  Tue, Feb 13, 2024 at 1:29 PM
To: Jacob Cable <jakezarratti@gmail.com>, Amber Cable <amberleecable@gmail.com>

Appeal for Case #3:22-cv-1031

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Plaintiff: Jacob R. Cable

FILED
FEB 14 2024 – AM10:32
US DISTRICT COURT
Northern District of Indiana
Chanda J Berta, Clerk

It is the position of the plaintiff that this dismissal requires careful reconsideration. The following points of appeal are raised against the dismissal:

1. The plaintiff asserts that there was a good faith effort to comply with the Federal Rules of Civil Procedure and the court's orders. Any deficiencies in the amended complaint should not overshadow the substantive claims of NLRA violations that are at the heart of this case. The plaintiff's unique position as an elected Chief Union Steward and the absence of any prior write-ups support the credibility of these claims.

2. The plaintiff contends that the complexity of the legal issues involved, including the intersection of employment law and the rights of individuals with mental disabilities, may have contributed to difficulties in adhering to the procedural requirements. The plaintiff's mental disabilities should be taken into account, and reasonable accommodations should have been provided under the ADA, including potentially granting further assistance or leniency in meeting the court's standards for the complaint.

3. The court's dismissal based on noncompliance could be seen as an overly harsh penalty for procedural missteps, particularly when such dismissal would prevent the hearing of potentially valid NLRA violation claims. A more equitable approach might have been to provide additional guidance or to order a more narrowly tailored amendment rather than outright dismissal.

4. The inclusion of "possible criminal allegations" against the presiding judge, while inappropriate, should not detract from the merit of the legitimate employment-related claims raised by the plaintiff. Such allegations, although they should be stricken, do not in themselves justify the dismissal of the entire complaint if it otherwise contains actionable claims.

5. The plaintiff requests that the court take into account the issuance of two right to sue letters by the EEOC, which affirm the standing of the Chief Union Steward to bring claims before the court. These letters indicate that federal agencies have recognized potential violations worthy of judicial review.

6. The plaintiff further argues that the dismissal undermines the protective intent of the NLRA, which is designed to safeguard workers' rights, including those of union stewards responsible for upholding the collective interests of union members. The court's decision to dismiss could potentially send a chilling message to other employees and union stewards who wish to assert their rights under the NLRA, thereby weakening the Act's enforcement.

In light of these points, the plaintiff respectfully requests that the dismissal be vacated and that the court reconsider the claims on their merits, potentially with guidance or assistance provided to ensure procedural compliance without sacrificing the plaintiff's right to a fair hearing of their substantial claims of NLRA violations.

**Appeal for Plaintiff's NLRA Violation Claims**

**I. INTRODUCTION**

This appeal respectfully challenges the dismissal of the plaintiff's claims under the National Labor Relations Act (NLRA) and seeks to redress the premature extinguishing of a vital case that bears significant implications for labor relations and the rights of employees, particularly those occupying crucial roles within union leadership. The plaintiff, an elected Chief Union Steward and a person with disabilities, brings forth critical issues under the NLRA which demand judicious consideration and resolution.

**II. ARGUMENTS IN SUPPORT OF RECONSIDERATION**

**A. Federal Courts' Jurisdiction Over NLRA Claims**

The NLRA confers upon federal courts the jurisdiction to adjudicate cases involving labor disputes affecting commerce, including unfair labor practices and violations of collective bargaining agreements. The U.S. Supreme Court, in cases such as *San Diego

Building Trades Council v. Garmon*, 359 U.S. 236 (1959), has long recognized the preeminent role of federal courts in safeguarding the rights conferred by the Act.

**B. The Standing and Authority of the Chief Union Steward**

The Chief Union Steward, by virtue of their elected status, embodies the collective interests of their members. The issuance of right to sue letters by the EEOC against multiple defendants underlines the legitimacy of the plaintiff's grievances and their standing to invoke the jurisdiction of the federal courts. In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), the Supreme Court upheld an individual's right to pursue statutory claims even after arbitrating under a collective bargaining agreement.

**C. The Necessity of Including Multiple Defendants**

The inclusion of multiple defendants is not merely a litigative strategy but a necessity in cases where a nexus of actions by various entities constitutes a network of alleged violations. Such inclusion ensures a comprehensive judgment that captures the entirety of the dispute. The U.S. Supreme Court in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), endorsed a holistic approach to judicial fact-finding to ensure the "just, speedy, and inexpensive determination of every action and proceeding."

**D. Recognition of the Plaintiff's Unique Circumstances**

The plaintiff's mental disabilities and unblemished record of service, as a thrice-elected steward with no prior write-ups, underscore the credibility and gravity of the allegations. The requirement for reasonable accommodations under the ADA is a compelling factor that merits consideration in assessing the plaintiff's ability to comply with procedural mandates. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000), vacated on other grounds, 535 U.S. 391 (2002), emphasizes the duty of courts to ensure that individuals with disabilities are granted equal access to justice.

**III. COUNTER-ARGUMENTS TO DISMISSAL**

**A. Procedural Deficiencies and the Substantive Merits of the Case**

The plaintiff's procedural shortcomings, while regrettable, should not overshadow the substantive rights at issue. The Federal Rules of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. This principle was upheld in *Foman v. Davis*, 371 U.S. 178 (196

2), where the U.S. Supreme Court stated that "the rules are to be liberally construed to promote justice." Dismissal is a harsh penalty and should be a remedy of last resort, particularly when a litigant has made a good faith effort to comply with the requirements, as in *Moore v. Agency for Int'l Development*, 994 F.2d 874 (D.C. Cir. 1993).

**B. The Issue of Unlawful Orders and the Right to Amend**

The plaintiff's non-compliance with an order that may be considered unlawful should not serve as the basis for dismissing a claim. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. By analogy, failure to comply with a potentially unlawful order should not be grounds for dismissal without the court first determining the order's validity.

**C. Fairness and Length of Claim**

The length of the claim, while potentially cumbersome, should not detract from the plaintiff's right to present a full and detailed account of complex legal issues and factual allegations. As noted in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the substantive complexity of a case should guide the court's approach to procedural matters, ensuring that a litigant's right to a fair trial is not compromised by rigid adherence to form over substance.

**D. Plaintiff's Mental Disabilities and Reasonable Accommodation**

The plaintiff's mental disabilities, which are protected under the ADA, necessitate a more nuanced approach to procedural compliance. In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the court recognized that courts must be attuned to the particular needs of parties with disabilities, ensuring that their access to justice is not impaired by inflexible procedural requirements.

**IV. APPEAL TO EQUITY AND LEGAL PRECEDENT**

In light of the foregoing arguments, the plaintiff respectfully appeals to the court's equity and discretion. The application of case law suggests that the plaintiff's claims should not be dismissed without full consideration of their substantive merits, and especially not on procedural grounds that may unduly impede the plaintiff's right to a fair hearing.

The plaintiff invokes the spirit of *Haines v. Kerner*, 404 U.S. 519 (1972), where the Supreme Court held that the allegations of a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. This principle applies with equal force to any litigant facing unique challenges, such as the plaintiff's mental disabilities in the present case.

**V. CONCLUSION AND REQUEST FOR RELIEF**

In conclusion, the plaintiff respectfully requests that this Honorable Court vacate the dismissal and remand the case for further proceedings consistent with the principles of justice and fairness. The plaintiff's claims, grounded in the vital protections of the NLRA and supported by the issuance of right to sue letters from the EEOC, warrant careful adjudication on their merits. The plaintiff reaffirms their commitment to comply with the Federal Rules of Civil Procedure and the court's orders and seeks the opportunity to present their case with the reasonable accommodations due under the law.

In consideration of the plaintiff's rights, the **VI. REQUEST FOR REMAND AND DIRECTION FOR PROCEEDINGS ON REMAND**

The plaintiff respectfully submits that the appropriate course of action is to remand the case to the district court with instructions to allow the plaintiff an opportunity to file a third amended complaint. This complaint would be crafted to address the court's concerns regarding the specificity and clarity of the claims while adhering to the procedural requirements. The plaintiff requests that the court provide clear and precise guidance on the deficiencies that need to be remedied, in accordance with the principles established in *Foman v. Davis* and *Haines v. Kerner*, thereby giving full effect to the policy of the Federal Rules of Civil Procedure to decide cases on their merits rather than on technicalities.

The Necessity of Allowing NLRA Violation Claims Raised by an Elected Chief Union Steward in Federal Northern District Court by Federal Judges:

I. Introduction

This legal opinion addresses the imperative need for a federal judge to allow claims of National Labor Relations Act (NLRA) violations raised by an elected Chief Union Steward, who has been issued two right to sue letters by the Equal Employment Opportunity Commission (EEOC). Furthermore, this opinion highlights the importance of including other defendants in the claim as an essential and critical part of democracy. Additionally, it explains why federal northern district courts possess jurisdiction over NLRA subject matter violations, particularly when the entire employment relationship is governed by a collective bargaining agreement (CBA) and the plaintiff, having been elected three times, has had no write-ups and suffers from mental disabilities.

II. Analysis

A. Jurisdiction of Federal Northern District Courts over NLRA Subject Matter Violations

1. The NLRA grants federal district courts jurisdiction over cases involving unfair labor practices and violations of employees' rights protected by the Act. As such, federal northern district courts have the authority to hear and decide cases related to NLRA violations.

2. The NLRA establishes federal jurisdiction over labor disputes to ensure uniformity in the interpretation and application of labor laws throughout the country.

3. The fact that the entire employment relationship in question is governed by a CBA further supports the jurisdiction of federal northern district courts over NLRA subject matter violations. CBAs are negotiated agreements between employers and unions that address terms and conditions of employment, including rights and obligations under the NLRA.

B. Right to Sue Letters and the Standing of Chief Union Steward

1. The issuance of two right to sue letters by the EEOC, one against the Teamsters and another against a global employer, indicates that the Chief Union Steward possesses standing to bring these claims before a federal court. The right to sue letters are a prerequisite for initiating a lawsuit in federal court under certain circumstances.

2. The Chief Union Steward, being an elected representative of the union members, holds a special position within the labor organization. This position provides the Chief Union Steward with the authority and responsibility to protect the rights and interests of the union members, including raising claims of NLRA violations.

C. Inclusion of Other Defendants as an Essential Part of Democracy

1. Allowing other defendants to be included in the claim is crucial for a comprehensive and effective resolution of labor disputes. It ensures that all parties responsible for the alleged NLRA violations are held accountable, thereby upholding the principles of justice and fairness.

2. Including other defendants also promotes transparency and prevents the evasion of legal responsibilities. It allows for a complete examination of the facts and circumstances surrounding the alleged violations, ensuring that justice is served.

D. Plaintiff's Characteristics and Circumstances

1. The plaintiff, having been elected as Chief Union Steward three times, demonstrates the trust and confidence placed in their ability to represent the union members' interests. This further reinforces their standing and authority to bring claims of NLRA violations.

2. The fact that the plaintiff has not received any write-ups supports their credibility and the likelihood that the NLRA violations alleged are not a result of any wrongdoing or misconduct on their part.

3. The plaintiff's mental disabilities, as mentioned, may require reasonable accommodations under the Americans with Disabilities Act (ADA). This further emphasizes the importance of protecting their rights under the NLRA and ensuring equal treatment and

opportunities in the workplace.

III. Conclusion

In conclusion, it is imperative that a federal judge allows claims of NLRA violations raised by an elected Chief Union Steward who has been issued two right to sue letters by the EEOC. The jurisdiction of federal northern district courts over NLRA subject matter violations, the standing of the Chief Union Steward, the necessity of including other defendants, and the specific characteristics and circumstances of the plaintiff all contribute to the critical nature of addressing these claims in a comprehensive and fair manner. Upholding the principles of democracy and protecting the rights of employees in the workplace necessitate the inclusion of all responsible parties in the legal proceedings.


Title: Legal Opinion: Dismissal of NLRA Violation Claims and its Implications on Justice and Plaintiff's Rights

I. Introduction

This legal opinion addresses the dismissal of NLRA violation claims by a federal judge based on the plaintiff's alleged failure to comply with an unlawful order and the length of the claim. It argues that such dismissals are not valid grounds for dismissal and, in fact, constitute obstruction of justice and impede the plaintiff's ability to protect and defend themselves.

II. Analysis

A. Unlawful Order and Failure to Amend Claim

1. If a federal judge issues an unlawful order requiring the plaintiff to amend their claim and prohibits them from raising NLRA violations, it is important to note that such an order lacks legal basis and violates the plaintiff's rights.

2. The plaintiff's failure to comply with an unlawful order does not justify the dismissal of their claim. It is the duty of the judge to issue lawful orders and ensure that all parties receive equal and fair treatment under the law.

3. Dismissing the claim on the grounds of the plaintiff's non-compliance with an unlawful order would undermine the principles of justice and fairness and impede the plaintiff's ability to seek redress for NLRA violations.

B. Dismissal Based on Claim Length

1. Dismissing a claim solely on the basis of its length, especially when the claim consists of relevant witness statements and evidence, is not a valid ground for dismissal.

2. The length of a claim should not be used as a reason to deny a plaintiff their right to seek justice and protection under the NLRA. The focus should be on the substance of the claim and the evidence presented, rather than the length of the document.

3. Dismissing a claim based on its length could potentially obstruct justice and hinder the plaintiff's ability to present a comprehensive case, especially when witness statements and evidence are crucial to proving NLRA violations.

C. Obstruction of Justice and Impeding Plaintiff's Rights

1. Dismissing a claim based on unlawful orders and claim length may be seen as obstructing justice and impeding the plaintiff's ability to protect and defend themselves.

2. Obstructing justice involves any action that interferes with the administration of justice, and dismissing a claim based on unlawful orders and claim length would impede the plaintiff's access to a fair and impartial legal process.

3. It is essential to uphold the principles of justice and ensure that plaintiffs have the opportunity to present their case fully, especially when NLRA violations and the rights of employees are at stake.

III. Conclusion

In conclusion, dismissing NLRA violation claims based on the plaintiff's failure to comply with unlawful orders and claim length is not valid grounds for dismissal. Such actions would obstruct justice and impede the plaintiff's ability to protect and defend themselves. It is crucial to prioritize the principles of justice and fairness when considering the dismissal of claims and ensure that plaintiffs have the opportunity to seek redress for NLRA violations.


**VII. CLOSING ARGUMENTS**

Your Honors,

The NLRA was enacted to protect the rights of workers and to promote collective bargaining for the betterment of working conditions in America. When a Chief Union Steward, an elected protector of these very rights, is silenced by judges orders restricting the plaintiff's

claims to employer, and union as to only being able to confront the employer and union as defendants and not allowed to add other entities on the docket that are a part of the original and 2nd eeoc claim that was consolidated as one and that was issued a right to sue in regards to specifically NLRA violations, January 6th 2021 insurection with mayor, eap, clarity Clinic, arbitrators, lawfirms, and police retaliation not being allowed to be raised or else dismissal for not following unlawful judges orders, and procedural barriers, it is not just an individual who suffers, but the collective voice of all workers they represent. The plaintiff's case embodies more than just a personal struggle; it is the embodiment of the struggle for workers' rights in a complex and evolving labor landscape.

The plaintiff's pursuit of justice is not merely an academic exercise; it is a quest for fairness in the face of adversity, for recognition of rights in the face of challenges, and for the vindication of the rule of law in the face of procedural hurdles. The plaintiff seeks not preferential treatment, but rather the equal application of the laws that protect all citizens, especially those who advocate for the rights of others while coping with disabilities of their own.

This appeal is presented with the utmost respect for this Court and the legal process. However, it is also presented with a fervent plea for the acknowledgment that justice, when tempered with compassion and understanding, serves the highest ideals of our legal system. It is in this spirit that the plaintiff implores the Court to grant this appeal, to vacate the dismissal, and to remand the matter so that the plaintiff may have their day in court—a day that is not just deserved, but is also a fundamental right under the laws of our land.

The plaintiff's voice, though stifled by dismissal, speaks not only for one but for all who may one day find themselves in similar circumstances—seeking to uphold the laws designed to protect them, seeking justice in a system that promises it, and seeking the fair consideration that is the hallmark of our judiciary.

Therefore, we ask this Honorable Court to grant the plaintiff the opportunity to amend the complaint and to proceed with presenting the substantive claims that are of such importance not only to the plaintiff but to the broader labor relations community.

Respectfully submitted,

Jacob Cable,

Date: 02-13-2024

Thank you.

Plaintiff also asks that the court recuse Judge Damon R. Leichty, as he is now a part of the claim after his unlawful order was issued in December 2023. Thus, he was added to the claim by the plaintiff in the January 18th, 2024 filing. Instead of having another judge review the claim, Judge Leichty quickly dismissed both right to sue letters, that were consolidated into one, and included his liability in the situation. After the plaintiff listed Judge Damon R. Leichty in the claim on January 18th, 2024, Leichty decided that he would be the judge, jury, and executioner over a claim in which he was now involved. As a judge, he should know better, and what he did in the December 2023 order was unethical, unlawful, and unjust. It also violated federal law, both against the plaintiff and others who elected him. This, in itself, creates a conflict of interest for Judge Leichty since his order in December 2023 showed bias and restrictions on what claims could be raised and against whom. The judge restricted the docket that had the same people listed in the two right to sue EEOC complaints, and he did not approve of the claims being raised or the docket, especially regarding the January 6th, 2021 hate crimes that were addressed by an elected democratic leader, he does not aknowledge many of the allegations in 2023 response and especially in January 22, 2024 dismissal. Judge Leichty, on the other hand, was appointed by Trump and has demonstrated bias and prejudice towards the content allowed to be raised in my claims, as well as who can be sued and who is allowed on the docket. By restricting claims, especially those involving the NLRA, in such a situation, it does not make sense and clearly shows bias and ulterior motives. This is impeding my ability to protect and defend myself and raise claims of federal violations in federal court, which has required a significant amount of time, effort, and resources to reach. To be federally violated by a federal judge appointed by Trump, on matters that deeply affect the plaintiff's life and others who elected him, particularly on the docket for the January 6th, 2021 insurrection, it is only appropriate that the judge be recused after his order in December of 2023 shifted into federally violating and unjust ways towards the plaintiff.

Your Honors, this concludes the plaintiff's appeal. We await your just and equitable decision, confident in the knowledge that this Court upholds the principles of fairness and justice for all.

*Jacob Cable 02-14-2024*