CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 15, 2024[*]
Decided October 16, 2024

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

| | |
|---|---|
| No. 24-1233 | |
| JACOB CABLE,<br>   *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:22-CV-1031 DRL-MGG |
| KURARAY AMERICA, INC., et al.<br>   *Defendants-Appellees*. | Damon R. Leichty,<br>*Judge*. |

**O R D E R**

Jacob Cable appeals the dismissal of his employment-discrimination suit. The district court dismissed his case for noncompliance with Federal Rule of Civil

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Procedure 8 after he failed on three prior opportunities to file a rule-compliant complaint. We affirm.

Cable sued his former employer, MonoSol, LLC, and its sister company, Kuraray America, Inc.,[1] for statutory violations in connection with his discharge. A former union leader who experiences depression and anxiety, Caleb asserted claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, the Americans with Disabilities Act, 42 U.S.C. § 12101, the National Labor Relations Act, 29 U.S.C. § 151, and the Family Medical Leave Act, 29 U.S.C. § 2601. After the defendants moved to dismiss the complaint for insufficient process and for failure to state a claim, *see* FED. R. CIV. P. 4, 12(b)(4)–(6), Cable filed a response, which the district court construed as a motion for extension of time. The court granted that motion but cautioned him that he must respond in a manner that complied with the Federal Rules of Civil Procedure and the Northern District of Indiana's Local Rules.

Instead, Cable filed a more expansive amended complaint, spanning 42 pages and raising 17 claims against 14 defendants. The district court screened the amended complaint under 28 U.S.C. § 1915(e)(2) and dismissed it. The court found, first, that this expanded complaint did not comply with Federal Rule of Civil Procedure 8(a)(2) and (d), which requires a "short and plain statement of the claim" with allegations that are "simple, concise, and direct." The court also determined that some of Cable's allegations were unrelated and needed to be raised in separate suits, requiring separate filing fees. *See* FED. R. CIV. P. 20(a)(2). Reviewing Cable's myriad allegations, the court concluded that he had not pleaded any claim that survived screening. The court warned Cable that his continued failure to comply with the federal rules could result in dismissal of his case; the court then gave him one more chance to file a complaint that complied with Rule 8—but only insofar as it related to discrimination, harassment, or retaliation by his former employer.

This time, Cable's complaint swelled to 143 single-spaced pages, asserting more claims and naming new defendants, including the district judge. The court struck the complaint as noncompliant with Rule 8(a)(2) and (d) and dismissed the case. *See* § 1915(e)(2). The court pointed out that it had given Cable three opportunities to file

---

[1] Cable refers to his former employer, MonoSol, LLC, as "Kuraray MonoSol, LLC." Kuraray America, Inc. and MonoSol, LLC are subsidiaries of the Japanese company Kuraray Co., Ltd.

No. 24-1233                                                                                                          Page 3

a complaint consistent with federal pleading rules, with suitable warnings that dismissal of his suit would be the consequence of his failure to do so.

On appeal, Cable appears to argue that the district court wrongly dismissed his case without accounting for his mental disabilities that made it difficult to comply with the court's orders. Cable contends that his case is complex, that he tried to abide by the court's orders in good faith, and that the court should have accommodated him with "further assistance," "leniency," or another chance to amend.

We believe that the court appropriately exercised its discretion in dismissing Cable's complaint for noncompliance with the federal rules. A district court has inherent power to manage its docket and the discretionary authority to dismiss a case for failure to obey reasonable orders. *See Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022). As the court pointed out, Cable ignored its orders in both of his amended complaints: He added new defendants; he did not narrow the scope of his claims; and—despite his lengthy filings—he did not provide additional details elaborating on his claims of discrimination, harassment, and retaliation. We have upheld the dismissal of similarly prolix and discursive complaints that failed to provide a short and plain statement of the claim. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (155-page complaint); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 774 (7th Cir. 1994) (119-page complaint); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990) (125-page complaint); *see also Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (all that Rule 8 requires is that the complaint put "the defendant on notice of the plaintiff's claims"). To the extent Cable asserts that his depression and anxiety prevented him from complying with the court's orders, he does not adequately develop an argument that we can address. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). And as for his need for assistance, Cable never asked the court to recruit counsel or otherwise explained why he could not competently litigate his case. *See* 28 U.S.C. § 1915(e)(1).

We have considered Cable's other arguments, and they are not developed and do not merit any discussion.

AFFIRMED